UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| NICHOLAS KINCADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.:  2:14-cv-234 |
| v. | ) | |
| | ) | |
| THOMAS DAVIDSON in his individual | ) | |
| and official capacity, and | ) | |
| | ) | |
| CITY OF LAFAYETTE, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S CIVIL RIGHTS COMPLAINT

Plaintiff, Nicholas Kincade (hereinafter "Plaintiff" or "Nicholas"), for his Complaint for damages against Defendants Thomas Davidson (hereinafter "Officer Davidson" or "Lt. Davidson") in his individual and official capacity and the City of Lafayette states as follows:

### INTRODUCTION

1. Plaintiff seeks money damages against Defendant for violation of rights as guaranteed under the United States Constitution.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. §1331 over Plaintiff's causes of action arising under the Constitution of the United States and 42 U.S.C. § 1983.

3. Venue lies in the United States District Court for the Northern District of Indiana because all, or a substantial portion, of the events or omissions giving rise to this Complaint occurred in Lafayette, Tippecanoe County, Indiana.  *See* 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, Nicholas Kincade, is an adult citizen who resides in Lafayette, Indiana.

5. At the time of the incident, which gave rise to this complaint, Thomas Davidson was a Lieutenant with the Lafayette Police Department ("LPD").  Following and as a result of this incident, he was demoted to the rank of Officer.  At all times alleged herein, Officer Davidson was a duly sworn police officer with LPD with full police powers.

6. The City of Lafayette is a municipality located in Tippecanoe County, Indiana.  LPD is a duly authorized department within the City of Lafayette.

## FACTUAL BACKGROUND

7. In 2010, Nicholas Kincade was involved in an accident, which resulted in him being a paraplegic.

8. Because of his physical limitations, Nicholas utilizes a motorized wheelchair.  In or around October of 2013, Nicholas weighed approximately 200 pounds and his wheelchair weighed approximately three hundred pounds.

9. Nicholas has limited manual dexterity in both hands, which always remain closed.

10. On or about October 1, 2013, Nicholas was a student at a charter school located in Lafayette.

11. A school employee called police to the scene.

12. Then Lt. Davidson approached Nicholas while was outside on a public sidewalk and searched his backpack without a warrant.

13. During the encounter Lt. Davidson and Nicholas spoke to one another and exchanged words.

14. While Nicholas was located on a public sidewalk and attempting to maneuver his wheel chair to the bus stop located nearby, Lt. Davidson shoved and battered Nicholas, which toppled the wheelchair and caused Nicholas to fall to the ground.

15. After the battery, Lt. Davidson shouted and announced, "now you're going to jail" or words to that effect.

16. Prior to the battery and Lt. Davidson's use of force, Nicholas was complying with police and doing what they had asked him to do.

17. Nicholas was handcuffed by police and eventually dragged by officers to a nearby police car.

18. The incident was caught on video through an in car camera located in another officer's patrol car.

19. Lt Davidson was the highest ranking officer who responded to the scene and interacted with Nicholas that day.

20. Nicholas suffered physical injuries as a result the incident.

21. Nicholas's motorized wheelchair was broken as a result of the incident.

22. Nicholas suffered significant humiliation and embarrassment as a result of Lt. Davidson's actions and/or the actions of other officers on the scene.

23. Nicholas was charged with charged with battery against a law enforcement officer as a Class D felony in cause number 79D05-1310-FD-540 on or about October 29, 2013. However, that charge was later dismissed on or about March 6, 2014, by a deputy prosecuting attorney.

## LEGAL CLAIMS

### COUNT I

### Fourth Amendment Violation—Lt. Davidson

24. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

25. Lt. Davidson is a "person" within the meaning of 42 U.S.C. § 1983.

26. Lt. Davidson actions and/or omissions were taken under color of state law based on his authority and official position as an officer with LPD.

27. The Fourth Amendment to the United States Constitution provides that people shall be secure in their persons, houses, papers, and effects against unreasonable searches and seizures.

28. Lt. Davidson actions or omissions constituted a violation and a deprivation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

29. Lt. Davidson's actions, omission, or failures caused Plaintiff to suffer harm.

30. Plaintiff pursues this claim for unlawful arrest and excessive force in violation of the Fourth Amendment.

31. Lt. Davidson's violated Nicholas's right to be free from interference from the zone of privacy as recognized by the Fourth and Ninth Amendments.

32. Lt. Davidson's actions violated Nicholas's right to equal protection of the laws as guaranteed by the Fourteenth Amendment.

33. Lt. Davidson's actions or omission were made knowingly, intentionally, and/or with reckless disregard for Plaintiff's rights.

34. Lt. Davidson's conduct is actionable under 42 U.S.C. § 1983.

## COUNT II

### First Amendment Violation—Lt. Davidson

35. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

36. Officer Davidson is a "person" within the meaning of 42 U.S.C. §1983.

37. Officer Davidson's actions and/or omissions were taken under color of state law based on his authority and official position as an officer with LPD.

38. The First Amendment to the United States Constitution provides for freedom of speech and expression as well as other protected rights.

39. "[T]he law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256 (2006).

40. The Plaintiff was exercising rights protected under the First and Fourteenth Amendments when he spoke with Lt. Davidson.

41. Lt. Davidson unlawfully retaliated and penalized Plaintiff for exercising his rights under the First Amendment to the United States Constitution.

42. Lt. Davidson's deprivations of Plaintiff's First Amendment rights caused Plaintiff to suffer harm.

43. Lt. Davidson's actions or omissions were made knowingly, intentionally, and/or with reckless disregard for Plaintiff's rights.

44. Lt. Davidson's conduct is actionable under 42 U.S.C. § 1983.

## COUNT III

### Americans with Disabilities Act Violation 42 U.S.C. 12132—All Defendants

45. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

46. No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.  42 U.S.C. § 12132.

47. Nicholas is an individual with a recognized disability.  Nicholas is qualified to participate in or receive the benefit of the services provided by LPD and its officers.

48. The City of Lafayette and LPD are public entities within the meaning of 42 U.S.C. § 12131(1)(B).

49. Nicholas was excluded from or denied the benefits of LPD's services or otherwise discriminated against by the public entity because of his disability.

50. Nicholas's was subjected to a wrongful arrest based on his disability, not for any criminal activity.

51. LPD failed to reasonably accommodate Nicholas's disability during the investigation or his arrest, which caused him to suffer greater injury or indignity than other arrestees.

52. Lt. Davidson intentionally acted on the basis of Nicholas's disability.

53. Lt. Davidson refused to provide a reasonable modification or accommodation of Nicholas's disability.  He was deliberately indifferent to Nicholas's recognized disability.

54. Lt. Davidson arrested Nicholas because of legal conduct related to his disability.

55. Nicholas was harmed as a result of Lt. Davidson, the City, and the Department's unlawful actions.

## PRAYER FOR RELIEF

56. Plaintiff respectfully requests:

        a.   compensatory and punitive damages;

        b.   reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and/or 42 U.S.C. 12205;

        c.   all appropriate interest;

        d.   all appropriate injunctive relief;

        e.   the costs incurred in the prosecution of this action; and

        f.   all just and proper relief.

## DEMAND FOR JURY TRIAL

57. Plaintiff demands a jury trial pursuant to the Seventh Amendment of the United States

Constitution and Article 1, Section 20 or the Indiana Constitution for all claims.

Respectfully submitted,

/s/  *Scott L. Barnhart*
Scott L. Barnhart, Atty. #25474-82
Attorneys for Plaintiff
230 East Ohio Street, Suite 600
Indianapolis, IN 46204
Tel:    (317) 857-0160
Fax:    (855) 641-5311
E-mail:  Barnhart@KBindy.com